UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAOGUANG LI, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action NO. 13-cv-40033-TSH |
| | ) |
| HURRICANE ELECTRIC INTERNET SERVICES, | ) |
| | ) |
| Defendant | ) |

# FINDINGS AND ORDER ON MOTION OF DEFENDANT HURRICANE ELECTRIC INTERNET SERVICES TO DISMISS PLAINTIFF'S COMPLAINT
(Document # 11)

**January 27, 2014**

**HILLMAN, DJ**

## I. Introduction

The Plaintiff Shaoguang Li, has brought suit against Hurricane Electric Internet Services (Hurricane) asserting a single count for defamation. The source of the alleged defamation is an email from an anonymous sender that was widely published at the University of Massachusetts Medical School where Li teaches. Hurricane's liability, based upon Li's complaint, is that the email at issue was allegedly transmitted via an interactive computer service provided by Hurricane. Hurricane has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below that motion is granted.

## II. <u>Background</u>

Li, is an Associate Professor in the Department of Medicine at the University of Massachusetts Medical School in Worcester. He alleges that an email accusing him of plagiarism was sent by an anonymous sender to his colleague Dr. Glen Raffel, who then forwarded the message to him. The Plaintiff alleges that this email was published to other email addresses and that it "could easily be estimated that more 1000 people would have received the defamatory email". Li's complaint alleges that "the defamatory email was sent by using a proxy named Hurricane Electric Internet Services and Internet company contracted with the Yahoo Company". (Complaint ¶ 5)

## III. <u>Discussion</u>

Hurricane argues that they are immune from liability for statements transmitted using its servers that are published by the anonymous sender of the alleged defamatory email. The Communications Decency Act ("The Act") provides that "no provider or user of an *interactive service* shall be treated as the publisher or the speaker of any information provided by another information content provider". 47 U.S.C. § 230(c)(1) (emphasis supplied). Under Section 230 (f)(2) of The Act "interactive computer service" means "any information service, system, or access software provider that provides or enables computer access by mulitple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." Li clearly admits that Hurricane is an "information service system or access software provider" that provides service to the Internet".

The elements of a defamation claim are: 1) the false and defamatory communication; 2) of/or concerning the Plaintiff; 3) *published* or shown to a third party *Dorn v Astra U.S.A.* 975 F.Supp. 388, 396 (D.Mass.1997) (emphasis supplied). In order for Li to succeed against Hurricane on a defamation claim under Massachusetts Law he must show that Hurricane was at fault for the publication of a false statement *Stanton v. Metro Corp.*, 438 F.3d 119, 124 (1st Cir. 2006). Since Li's complaint does not allege publication by Hurricane in any way other than its servers were used to transmit the email, Hurricane cannot be treated as a publisher of the email (pursuant to Section 230 (c)(1) of The Act) and Li has consequently failed to state an essential element of the claim upon which relief can be granted. Accordingly, Defendant's Motion to Dismiss is granted.

/S/ Timothy S. Hillman
TIMOTHY S. HILLMAN
DISTRICT JUDGE